## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Federal Trade Commission<br><br>                                        Plaintiff,<br><br>vs.<br><br>Ardagh Group, S.A., Compagnie de Saint-Gobain, and Saint-Gobain Containers, Inc.,<br>                                        Defendant. | **1:13-CV-01021 (RMC)** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS COMPAGNIE DE SAINT-GOBAIN, AND SAINT-GOBAIN CONTAINERS, INC.,

Defendants Saint-Gobain Containers, Inc. and Compagnie de Saint-Gobain (together, "Saint-Gobain"), by their undersigned counsel, submit this Answer in response to the Complaint filed in this matter.

The Federal Trade Commission's (the "Commission") un-numbered introductory paragraph contains only legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations of the introductory paragraph.

### ANSWER TO ¶1.

Saint-Gobain denies the allegations of paragraph 1, except Saint-Gobain admits that Saint-Gobain and Ardagh Group S.A. ("Ardagh") manufacture and sell, among other things, glass containers to beer customers and spirits customers who fill the glass containers with beer and spirits products, and Saint-Gobain states that it is without knowledge or information sufficient to form a belief as to the allegations of the fourth sentence of paragraph 1.

**ANSWER TO ¶2.**

Saint-Gobain denies the allegations of paragraph 2, and refers to the business documents of the merging parties referenced in the second sentence of paragraph 2 for a complete and accurate description of their contents.

**ANSWER TO ¶3.**

Saint-Gobain denies the allegations of paragraph 3.

**ANSWER TO ¶4.**

Saint-Gobain denies the allegations of paragraph 4, except admits that glass container plants may cost approximately $150 million to build, although that amount can vary according to the size and type of the plant, and that regulatory approvals are required in order to build glass container plants.

**ANSWER TO ¶5.**

Saint-Gobain states that it is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 5.  Saint-Gobain admits the allegations in the second sentence of paragraph 5.  The remaining allegations of paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, Saint-Gobain denies the allegations in paragraph 5.

**ANSWER TO ¶6.**

The allegations of paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, Saint-Gobain denies the allegations in paragraph 6.

**ANSWER TO ¶7.**

The allegations of paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Saint-Gobain denies the allegations in paragraph 7.

**ANSWER TO ¶8.**

The allegations of paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations in paragraph 8.

**ANSWER TO ¶9.**

Saint-Gobain denies that it transacts business in the District of Columbia, states that it is without knowledge or information sufficient to form a belief as to whether Ardagh transacts business in the District of Columbia and otherwise admits the allegations of paragraph 9.

**ANSWER TO ¶10.**

Saint-Gobain admits the allegations of paragraph 10.

**ANSWER TO ¶11.**

Saint-Gobain states that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 11, except admits that Ardagh owns nine glass container plants in the United States.

**ANSWER TO ¶12.**

Saint-Gobain admits the allegations of the first four sentences of paragraph 12, denies the fifth and sixth sentences, and states that it is without knowledge or information sufficient to form a belief as to the allegations of the seventh sentence of paragraph 12.

**ANSWER TO ¶13.**

Saint-Gobain admits the allegations of paragraph 13, except it denies that the acquisition price is $1.7 billion.

**ANSWER TO ¶14.**

The allegations of the first sentence of paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations in

the first sentence of paragraph 14.  Saint-Gobain admits the allegations in the second sentence of paragraph 14, except states that it has stipulated that it will not consummate the Acquisition until this Court's decision on the Commission's motion for preliminary injunction.

**ANSWER TO ¶ 15.**

The allegations of paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations in paragraph 15.

**ANSWER TO ¶16.**

Saint-Gobain states that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 16.

**ANSWER TO ¶17.**

Saint-Gobain denies the allegations of the first sentence of paragraph 17, except admits that some glass container manufacturers produce beverage and food containers in a variety of shapes and sizes.  Saint-Gobain states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 17.

**ANSWER TO ¶18.**

Saint-Gobain denies the allegations of paragraph 18, except admits that glass containers (1) can guard against oxygen invasion; (2) can maintain the original taste of the product held by the container; (3) are chemically inert; and (4) are 100% recyclable.

**ANSWER TO ¶19.**

Saint-Gobain denies the allegations of paragraph 19.

**ANSWER TO ¶20.**

Saint-Gobain denies the allegations of paragraph 20, except admits that O-I, Saint-Gobain and Ardagh produce glass containers in the United States, and that O-I, Saint-Gobain and Ardagh have the number of plants in the United States and Canada specified in this paragraph.

**ANSWER TO ¶21.**

Saint-Gobain denies the allegations of paragraph 21, except admits that Ardagh acquired Leone Industries and Anchor Glass Container Corporation in 2012, and admits that Ardagh's proposed acquisition of Saint-Gobain Containers, Inc. would be Ardagh's third glass container acquisition in the United States since the beginning of 2012.

**ANSWER TO ¶22.**

Saint-Gobain denies the allegations of paragraph 22, except admits that Arkansas Glass, Piramal, Anchor Hocking, Bennu Glass, and Gerresheimer Glass are manufacturers of glass containers in the United States.

**ANSWER TO ¶23.**

Saint-Gobain denies the allegations of the first sentence of paragraph 23, except admits that Gallo Glass Company and Rocky Mountain Bottle Company each operate one glass container manufacturing facility. Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second or third sentences of paragraph 23.

**ANSWER TO ¶24.**

Saint-Gobain denies the allegations of paragraph 24, except admits that Vitro and Fevisa are glass container manufacturers that operate glass container plants in Mexico and that both Vitro and Fevisa export glass containers to the United States.

**ANSWER TO ¶25.**

Saint-Gobain denies the allegations of the first sentence of paragraph 25. Saint-Gobain denies the allegations of the second sentence of paragraph 25, except admits that in 1983, there were 23 glass container manufacturers operating glass container plants in the United States, and states that it is without knowledge or information sufficient to form a belief as to the number of plants operated by each manufacturer. Saint-Gobain denies the allegations of the third sentence of paragraph 25. Saint-Gobain denies the allegations of the fourth sentence of paragraph 25, except admits that there are 47 glass container plants operating in the United States today. Saint-Gobain denies the allegations in the diagram in paragraph 25.

**ANSWER TO ¶26.**

Saint-Gobain denies the allegations of paragraph 26.

**ANSWER TO ¶27.**

Saint-Gobain denies the allegations of paragraph 27, and refers to any documents purported to be quoted therein for their contents.

**ANSWER TO ¶28.**

Saint-Gobain denies the allegations of paragraph 28, and refers to its contracts with customers for their contents. Saint-Gobain also refers to the Ardagh document containing the chart included in paragraph 28 for a full and accurate description of its contents.

**ANSWER TO ¶29.**

Saint-Gobain denies the allegations of paragraph 29, except refers to the documents quoted in paragraph 29 for a full and accurate description of their contents.

**ANSWER TO ¶30.**

Saint-Gobain denies the allegations of paragraph 30.

**ANSWER TO ¶31.**

Saint-Gobain denies the allegations of paragraph 31.

**ANSWER TO ¶32.**

Saint-Gobain denies the allegations of paragraph 32.

**ANSWER TO ¶33.**

Saint-Gobain denies the allegations of paragraph 33, except admits that many Brewers sell beer in both aluminum cans and glass bottles.

**ANSWER TO ¶34.**

Saint-Gobain denies the allegations of paragraph 34.

**ANSWER TO ¶35.**

Saint-Gobain denies the allegations of paragraph 35.

**ANSWER TO ¶36.**

Saint-Gobain denies the allegations of paragraph 36, except refers to Ardagh's bond offering memorandum quoted in the fifth and sixth sentences of paragraph 36 for a full and accurate description of its contents.

**ANSWER TO ¶37.**

Saint-Gobain denies the allegations of paragraph 37, except refers to the Ardagh presentation referred to in the sixth sentence of paragraph 37 for a full and accurate description of its contents.

**ANSWER TO ¶38.**

Saint-Gobain denies the allegations of paragraph 38.

**ANSWER TO ¶39.**

Saint-Gobain denies the allegations of paragraph 39.

**ANSWER TO ¶40.**

Saint-Gobain denies the allegations of the first sentence of paragraph 40, admits the allegations of the second and third sentences of paragraph 40 and denies the allegations of the fourth sentence of paragraph 40.

**ANSWER TO ¶41.**

Saint-Gobain denies the allegations of paragraph 41.

**ANSWER TO ¶42.**

Saint-Gobain denies the allegations of paragraph 42.

**ANSWER TO ¶43.**

Saint-Gobain denies the allegations of paragraph 43, except admits that Saint-Gobain's documents refer to the phrase "margin over volume", and refers to those documents for a full and accurate description of their contents.  Saint-Gobain also admits that O-I is publicly traded.

**ANSWER TO ¶44.**

Saint-Gobain denies the allegations in paragraph 44, except refers to the documents quoted in paragraph 44 for a full and accurate description of their contents.

**ANSWER TO ¶45.**

Saint-Gobain denies the allegations of paragraph 45, except refers to the documents quoted in paragraph 45 for a full and accurate description of their contents.

**ANSWER TO ¶46.**

Saint-Gobain denies the allegations of paragraph 46.

**ANSWER TO ¶47.**

Saint-Gobain denies the allegations of paragraph 47.

**ANSWER TO ¶ 48.**

Saint-Gobain denies the allegations of paragraph 48, except refers to the documents quoted in paragraph 48 for a full and accurate description of their contents.

**ANSWER TO ¶ 49.**

Saint-Gobain denies the allegations of paragraph 49.

**ANSWER TO ¶ 50.**

Saint-Gobain denies the allegations of paragraph 50.

**ANSWER TO ¶ 51.**

Saint-Gobain denies the allegations of paragraph 51.

**ANSWER TO ¶ 52.**

Saint-Gobain denies the allegations of paragraph 52.

**ANSWER TO ¶ 53.**

The allegations of paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations of paragraph 53.

**ANSWER TO ¶ 54.**

The allegations of paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations of paragraph 54.

**ANSWER TO ¶ 55.**

The allegations of paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations of paragraph 55.

**ANSWER TO ¶ 56.**

The allegations of paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Saint-Gobain denies the allegations of paragraph 56.

**ANSWER TO ¶ 57.**

Saint-Gobain denies the allegations of paragraph 57.

With respect to the paragraphs in the Complaint in which plaintiffs pray for damages or other relief, Saint-Gobain denies that plaintiffs are so entitled under law.

## ADDITIONAL GROUNDS OF DEFENSE

Saint-Gobain asserts the following defenses, without assuming the burden of proof on any such defense that would otherwise rest with the Commission. Saint-Gobain expressly reserves the right to supplement, amend or delete the following defenses, as warranted by discovery or other investigation, or as justice may require.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The contemplated relief would not be in the public interest because it would, among other things, harm consumers.

07/26/2013

        CRAVATH, SWAINE & MOORE LLP,

        by

          s/ Christine A. Varney
            Christine A. Varney
            Yonatan Even
            Members of the Firm

         Attorneys for Defendants
           Worldwide Plaza
           825 Eighth Avenue
           New York, NY 10019
            (212) 474-1000
              cvarney@cravath.com
              yeven@cravath.com