# Exhibit  1

SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

sara.ricciardi@shearman.com                                                          July 23, 2013
212.848.4120

<u>Via Hand Delivery</u>

The Shipyard Brewing Company
86 Newbury St.,
Portland, ME 04101

<u>Federal Trade Commission v. Ardagh Group S.A. et al., 1:13-CV-01021 (D.D.C.) (RMC)</u>

Dear The Shipyard Brewing Company:

We write on behalf of Ardagh Group, S.A., ("Ardagh"), a defendant in the above-captioned
action filed by the Federal Trade Commission (the "Commission") in connection with Ardagh's
proposed acquisition of Saint-Gobain Containers, Inc. We would like to discuss the enclosed
subpoena and, to the extent necessary the scope of the requests, with you or your designated
counsel at your earliest convenience. We note that the return date on the subpoena is July 30,
2013 in light of the expedited nature of the proceeding, in which the Court has imposed a fact
discovery deadline of August 20.

Also enclosed is the protective order entered by the Court in the action. We understand that you
may have previously provided certain documents to the Commission that fall within the scope of
this subpoena. To the extent you have released any confidentiality restrictions and advised the
Commission that such documents can be shared with Ardagh, such documents need not be re-
produced in response to the subpoena.

Sincerely,

*/s/ Sara Ricciardi*
Sara Ricciardi

Enclosures

ABU DHABI | BEIJING | BRUSSELS | FRANKFURT | HONG KONG | LONDON | MILAN | NEW YORK | PALO ALTO
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS

NYDOCS04/559964.1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| Federal Trade Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   13-CV-01021 (RMC) |
| Ardagh Group S A , et al | ) | |
| | ) | (If the action is pending in another district, state where |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Shipyard Brewing Company 86 Newbury St  Portland  ME 04101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Shearman & Sterling LLP | Date and Time: |
|---|---|
| 801 Pennsylvania Avenue, NW | |
| Washington, DC 20004 | 07/30/2013 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   07/23/2013

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ardagh Group S A
, who issues or requests this subpoena, are:

Richard Schwed  Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022
rschwed@shearman.com  (212) 848-5445

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**DEFINITIONS**

1.     "Commission" means the Federal Trade Commission.

2.     "Communication(s)" means any oral or written transmission or receipt of words or information, by whatever means, directly or indirectly, regardless of how or by whom the communication was initiated.  Communications with any person include communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, partners, officers, directors, employees, agents, attorneys, or any other persons acting on its behalf.

3.     "Concerning" or "relating to" mean commenting on, constituting, containing, describing, embodying, concerning, comprising, identifying, involving, mentioning, reflecting, stating, relating to, referring to, responding to, or in any way pertinent to a subject.

4.     "Defendants" means Ardagh Group S.A. ("Ardagh Group"); Compagnie de Saint-Gobain; Saint-Gobain Containers, Inc. ("Saint-Gobain Containers"); and each and all of their respective subsidiaries (including Anchor Glass Container Corporation), divisions, subdivisions, affiliates, predecessors, successors, partners, officers, directors, employees, agents, attorneys, or any other persons acting on their behalf.

5.     "Defendants' Competitors" means any entities anywhere in the world that manufacture and/or sell glass beer or spirits bottles and/or beer or spirits containers made from materials other than glass (*e.g.*, aluminum bottles, aluminum cans, plastic bottles, and kegs), including without limitation: Owens-Illinois, Inc., Anchor Hocking Co., Arkansas Glass Container Corp., Bennu Glass, Fevisa Industrial S.A. de C.V., Gallo Glass Company, Gerresheimer Glass, Inc., Kelman Bottles LLC, Kimble Chase, Pirmal Glass-USA, Inc., Vitro Packaging, LLC, Ball Corporation, Crown Holdings Inc., EXAL Group, Rexam Inc., Silgan

Holdings, Amcor Rigid Plastics, Berry Plastics Corp., Graham Packaging, and RPC Group; entities owned, operated, and/or controlled by Anheuser-Busch InBev, Modelo, MillerCoors, LLC, and Heineken USA (FEMSA); entities that you own, operate, control, and/or otherwise have an interest in and that manufacture and/or sell glass beer or spirits containers and/or beer or spirits containers made from materials other than glass; entities that purchase or otherwise acquire glass beer or spirits bottles or beer or spirits bottles made from materials other than glass from manufacturers operating inside or outside of the United States and distribute the containers to brewers and/or distillers; or any other beer or spirits container manufacturers operating inside or outside of the United States.

6.      "Document(s)" means any written or graphic material, however produced or reproduced, including: Electronically Stored Information, letters, correspondence, memoranda, facsimiles (including cover sheets and confirmations), legal pleadings, notes, reports, agreements, calendars, diaries, travel and expense reports, summaries, records, messages or logs of telephone calls, notes or summaries of conversations or interviews, presentations, overviews, studies, plans, minutes, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, minutes or records of meetings, notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, promotional literature, marketing materials, ledgers, graphs, charts, tape recordings, or any other tangible material on which there is any recording or writing of any sort.  The term includes the original (or identical duplicate where the original is not available), all non-identical copies (including copies that are non-identical because they include notes, comments, annotations, marks, transmission notations, or highlighting), and all drafts of all documents.

7.      "Document Request" means each of the document requests set forth herein.

8.      "Electronically Stored Information" means:  (i) any and all items stored on any vehicle for digital data storage and/or transmission, including without limitation, desktop or computer hard drives, external hard drives, servers, shared drives, network drives, flash memory devices, CD-ROMs, DVDs, floppy disks, wireless communication devices, smartphones, blackberries, workstations, and personal digital assistants; (ii) output resulting from the use of any software program, including without limitation email, word processing files, spreadsheets, database files, presentations, charts, graphs, outlines, instant messages, bulletin boards, and all miscellaneous media, whether such electronic data is active, deleted, or fragmented; and (iii) activity logs of email transmissions and/or receipts.

9.      "Including" and "include" mean "including without limitation."

10.      "Person(s)" means any natural person, corporation, partnership, or business, legal, or governmental entity, organization, or association.

11.      "Proposed Transaction" means Ardagh Group's anticipated acquisition of Saint-Gobain Containers.

12.      "You" and "your" mean the recipient of these Document Requests and any of its present or former employees, representatives, agents, or any other persons acting or purporting to act on its behalf or at its direction or control, including its attorneys.

## INSTRUCTIONS

1.      Terms not specifically defined shall be given their ordinary meanings as you understand them to be used.

2.      You should construe the Document Requests such that:  (i) the singular includes the plural and vice versa; (ii) masculine, feminine, or genderless pronouns include the pronouns of any other genders; (iii) the conjunctions "and" and "or" are read either disjunctively or

3

conjunctively; (iv) "any" and "all" include each and every; and (v) the present tense of a verb includes its past tense and vice versa.

3.      These Document Requests call for the production of all responsive documents that are in your possession, custody, or control, wherever located, regardless of whether they are possessed directly by you or by your present or former employees, representatives, agents, or any other persons acting or purporting to act on your behalf or at your direction or control, including your attorneys.  A document shall be considered to be within your control if you have the right to secure the document or a copy of the document from another person with possession, custody, or control of the document.

4.      For any responsive documents stored in electronic format, including email, you will produce those documents in .tiff format with corresponding OCR or Full-Text files on CD-ROMs, DVD-ROMs, external hard drives, or any other widely used electronic or optical storage media.  All responsive documents stored in electronic format, including emails, will be produced with associated metadata, including metadata sufficient to indicate:  (i) where documents (including attachments) or folders begin and end; (ii) the original file name; and (iii) the original timestamps and attributes, including the date and time that the document was last accessed or modified.  All Microsoft Excel and PowerPoint documents will be provided in native format, and Ardagh Group reserves the right, as needed, to seek the production of additional documents or categories of documents in native format.

5.      All documents should be arranged and produced as they are ordinarily maintained, or shall be organized to correspond to the specific Document Request(s) to which they are responsive.  In producing the documents requested herein, you shall maintain the original electronic or physical folder structure (or organization of any other storage method), and

provide the relevant title, folder tabs, labels, or other descriptions associated with each such folder or other storage method. The integrity and internal sequence of the requested documents within each folder shall not be disturbed or commingled with the contents of another folder.

6.      In the event that any document that is responsive to these Document Requests is withheld or redacted on the basis of any claim of privilege, you shall provide a detailed privilege log on or before July 30, 2013 that contains at least the following information for each document: (i) the date the document was created and last modified; (ii) the names of the author, last editor, or any other contributors to the creation of the document; (iii) the names of any and all recipients of the document; (iv) a description of the document sufficient to identify the basis for your withholding or redacting of the document; and (v) identification of the particular privilege being asserted with respect to the document. If any document is redacted on any basis other than privilege, you will also provide a detailed log on or before July 30, 2013 that contains the foregoing information with respect to each such redacted document.

7.      Ardagh Group reserves the right to view the original of any copy of a document provided in response to these Document Requests. You will produce all documents that cannot be copied legibly in their original format.

8.      All documents that respond in whole or in part to any portion of these Document Requests are to be produced in their entirety, with all attachments and enclosures. Documents attached to each other, such as email messages and their attachments, must not be separated.

9.      If you object to any of these Document Requests, your response will state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. If you object to part of any Document Request herein, and consequently withhold

responsive documents from inspection and production on the basis of such objection, you shall furnish documents responsive to the remainder of the Document Request.

10.     If you cannot satisfy any Document Request, either in full or in part, you shall produce documents to the extent possible, specifying the reason for your inability to produce further documents.  If there are no documents responsive to any particular Document Request or part thereof, you shall state so in writing.

11.     If a document is responsive to more than one Document Request, you are not required to duplicate the production of identical documents.

12.     The Document Requests are continuing in nature and, pursuant to Rule 26(e) of the Federal Rules Civil Procedure, you are under an ongoing duty to reasonably supplement the production of documents with any documents obtained, discovered, or created subsequent to the preparation and filing of your response to these Document Requests.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Document Requests call for the production of all documents or communications generated, prepared, or received from January 1, 2008 to the present.

## DOCUMENT REQUESTS

### Document Request No. 1

All subpoenas, document requests, civil investigative demands, or any other formal or informal requests for the provision of information sent or made by the Commission to you in connection with the Proposed Transaction (a "Commission Information Request").

### Document Request No. 2

All documents or communications concerning any Commission Information Request, including correspondence with the Commission, documents or communications concerning your

contemplated or actual response, and/or documents or communications concerning any

negotiation of the scope of your response.

**Document Request No. 3**

All documents that you provided or otherwise disclosed to the Commission in connection

with any Commission Information Request, including without limitation business records or

other documents created in the ordinary course of business, declarations, affidavits, affirmations,

or any other formal or informal, sworn or unsworn, statement or testimony, and any drafts of or

documents or communications related to or used in connection with preparing the foregoing.

**Document Request No. 4**

All documents or communications concerning the Proposed Transaction, Ardagh Group's

acquisition of Anchor Glass Container Corporation, or Ardagh Group's acquisition of Leone

Industries.

**Document Request No. 5**

Documents sufficient to identify every product that you produce and/or sell (including

each size or volume produced and/or sold) utilizing bottles or other containers manufactured

and/or sold by Ardagh Group, Saint-Gobain Containers, or any of Defendants' Competitors, and

for each product, documents sufficient to identify the supplier of bottles or other containers used.

**Document Request No. 6**

All documents or communications concerning your current, projected, and/or historical

business relationship with Ardagh Group, Saint-Gobain Containers, or any of Defendants'

Competitors, including without limitation documents or communications concerning the

allocation of the packaging of your products between Defendants, Defendants' Competitors, and

facilities for the manufacture of glass beer bottles or beer containers made from materials other

than glass that you own, operate, control, and/or in which you otherwise have an interest.

**Document Request No. 7**

          All documents or communications concerning your choice of packaging materials for your products, including without limitation your choice between glass or non-glass containers.

**Document Request No. 8**

          Documents or data sufficient to show, on a quarterly basis, contemplated or actual orders for, purchases of, or negotiations with respect to such orders for and/or purchases of glass beer bottles or beer containers made from materials other than glass, and with respect to any order or purchase, documents sufficient to show:  (i) container material; (ii) container size; (iii) number of containers purchased; (iv) whether a given container is stock or custom-made; (v) whether a given container was obtained from a distributor or from a manufacturer; and (vi) the brand(s) and product(s) packaged in a given container.

**Document Request No. 9**

          Documents or data concerning the production of glass beer bottles or beer containers made from materials other than glass in any facilities that you own, operate, control, and/or otherwise have an interest in, including documents sufficient to show, on a quarterly basis: (i) each facility's address; (ii) each facility's production capacity, including a list of the types of containers that the facility can produce and annual capacity by container material; (iii) each facility's volume by material, size, and end product or brand; (iv) the date you began producing containers at each facility and any dates on which each facility's capacity was expanded, including a description of any expansion; (v) pricing of containers by facility, material, size, and end product or brand; (vi) production in comparison to capacity by facility; (vii) any actual or contemplated plans to expand, retrench, increase, or decrease production or capacity by facility;

(viii) any plans to expand or increase production or capacity through the construction or acquisition of additional facilities (including those that could be divested from Defendants or Defendants' Competitors); and (ix) whether the facility was built by you or purchased from another person or entity.

**Document Request No. 10**

All documents or communications concerning: (i) current, projected, and/or historical information regarding competition between, or the operations, pricing, or supply management of, Defendants and Defendants' Competitors; (ii) current, projected, and/or historical supply and demand for glass beer bottles; (iii) current, projected, and/or historical supply and demand for beer containers made from materials other than glass; (iv) current, projected, and/or historical levels of the use of beer containers made from materials other than glass; (v) current, projected, and/or historical levels of imports from outside the United States of glass beer bottles and/or beer containers made from materials other than glass; (vi) the impact of shipping distance on operations, competition, pricing, and/or supply management; (vii) competition with other brewers with respect to container and packaging strategies and pricing; and (viii) any allocation of products that you sell based on end user characteristics and how such allocation is maintained through the channels of distribution (*i.e.*, whether products that you sell are allocated either to retail or on-premise use).

**Document Request No. 11**

All documents or communications concerning competition between and among Defendants and Defendants' Competitors in connection with obtaining, securing, or seeking your business, including without limitation documents, communications, or analysis relating to: (i) the market share, competitive position, or relative strengths or weaknesses of Ardagh Group,

Saint-Gobain Containers, or any of Defendants' Competitors; (ii) attempts by Ardagh Group,

Saint-Gobain Containers, or any of Defendants' Competitors to win your business from each

other or other companies; (iii) losses by Ardagh Group, Saint-Gobain Containers, or any of

Defendants' Competitors of your business to each other or other companies; (iv) your allocation

of the packaging of your products to or from entities that you own, operate, control, and/or

otherwise have an interest in from or to Ardagh Group, Saint-Gobain Containers, or any of

Defendants' Competitors; (v) any instances in which you have switched or considered switching

suppliers for a container for one of your products; (vi) any consideration of or decision to import

glass beer bottles or beer containers made from materials other than glass from outside the

United States; (vii) any consideration of or decision to ship products in bulk to be packaged in

other locations inside or outside of the United States; and (viii) any actual or potential effect on

the supply, demand, cost, or price of glass beer bottles, beer containers made from materials

other than glass, or your products as a result of competition between Ardagh Group,

Saint-Gobain Containers, or any of Defendants' Competitors.

**Document Request No. 12**

All documents or communications concerning the price of glass beer bottles or beer

containers made from materials other than glass (specifying whether such price includes freight

costs), including without limitation price quotes, price lists, pricing plans, pricing policies,

pricing forecasts, pricing strategies, cost pass through clauses or agreements, pricing analyses,

and pricing decisions.

**Document Request No. 13**

All documents or communications concerning the interchangeability of glass beer bottles

and beer containers made from materials other than glass, including without limitation, all

10

documents or communications concerning: (i) the comparative costs, benefits, strengths, and/or weaknesses of glass, non-glass, glass imports, and/or non-glass imports as packaging material for your products; (ii) any current, projected, and/or historical costs or delays associated with switching the packaging of your products from glass beer bottles to beer containers made from materials other than glass or vice versa; (iii) any instances in which you marketed and/or sold a product in a non-glass container; (iv) any instances in which you switched or considered switching the packaging of any of your products from glass to non-glass containers; (v) any analysis, studies, evaluations, market research, or surveys conducted, commissioned, or received by you evaluating the contribution of glass containers to the brand identity of your products or consumer preferences between glass beer bottles and beer containers made from materials other than glass; (vi) any business plans, forecasts, or projections concerning your purchase or use of glass beer bottles, including without limitation such purchase or use as compared to purchase or use of beer containers made from materials other than glass; and (vii) differences in prices charged to your customers as impacted by the material(s) used in packaging (*i.e.*, glass beer bottles and beer containers made from materials other than glass).

**Document Request No. 14**

Documents or data sufficient to show, on a quarterly basis, freight costs incurred in shipping glass beer bottles or beer containers made from materials other than glass for your products, including documents or communications concerning any policy or preference for purchasing packaging for your products from entities with closer geographic proximity to your relevant facilities.

**Document Request No. 15**

All documents or communications concerning any plans to: (i) consider, sponsor, or award a long-term contract to a supplier of glass beer bottles or beer containers made from materials other than glass that might open a new plant or reopen a previously closed plant; or (ii) invest in or open a facility with glass container manufacturing capacity.

**Document Request No. 16**

If you currently package any brand or product in glass containers as well as non-glass containers, all documents, data, analyses, evaluations, and market research concerning: (i) actual realized prices (including comparisons based on equivalent volume – *e.g.*, 12 ounce bottles) to each customer by product and container material type; (ii) pricing and promotion policies for glass and non-glass containers and marketing strategies used to steer competition between glass and non-glass containers; (iii) comparisons of margins for glass and non-glass containers; and (iv) evaluation of sales volumes for glass and non-glass containers.

**Document Request No. 17**

All documents or communications relating to obtaining glass beer bottles or beer containers made from materials other than glass from distributors, including: (i) all documents or communications discussing the considerations in switching to or from direct purchases to purchases through distributors; (ii) the name and address of any distributor from which you have obtained containers; (iii) the annual volume of containers purchased from distributors for each container material and container size; (iv) the producer of any containers acquired through distributors; and (v) the name of the brands and products that you have packaged in containers obtained from distributors.

12

**Document Request No. 18**

All documents or communications concerning the use of co-packers to package any of your products, including: (i) all documents or communications discussing the considerations in using co-packers, including costs, logistics, and any other issues; (ii) the name and address of any co-packer who bottles any of your products; (iii) the annual volume of product bottled on your behalf by co-packers; and (iv) the name of the brands and products that are bottled on your behalf by co-packers.

**Document Request No. 19**

All documents or communications concerning facilities for filling glass and non-glass containers including documents sufficient to show: (i) the address of each facility; (ii) the capacity of each facility; (iii) whether and to what extent capacity can be increased at each facility; (iv) costs associated with capacity expansion; (v) whether the facility can switch between filling glass containers to non-glass containers and vice versa; and (vi) costs associated with switching between filling glass containers and non-glass containers and vice versa.

Dated:  New York, New York
        July 23, 2013

<div style="margin-left:40%">

SHEARMAN & STERLING LLP

By:  */s/ Richard F. Schwed*
     Richard F. Schwed
     Alan S. Goudiss
     Heather L. Kafele

599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
rschwed@shearman.com

*Counsel for Defendant Ardagh Group S.A.*

</div>

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION<br>600 Pennsylvania, Avenue, N.W.<br>Washington, DC 20580 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1021 |
| | ) | |
| ARDAGH GROUP S.A.<br>56, rue Charles Martel,<br>Luxembourg<br>L-2135 | ) | |
| | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COMPAGNIE DE SAINT-GOBAIN<br>"Les Miroirs" 18, avenue d'Alsace<br>92400 Courbevoie<br>France | ) | |
| | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAINT-GOBAIN CONTAINERS, INC.<br>1509 S. Macedonia Avenue<br>Muncie, Indiana 47307 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

To ensure that matters raised by this proceeding are open to the public to the extent

possible, and also that confidential information submitted by a defendant or any third party,

whether pursuant to compulsory process or voluntarily, is not improperly disclosed, IT IS

HEREBY ORDERED:

1

(1)    As used in this Order, "confidential material" shall refer to any document or portion thereof that contains competitively sensitive information, including trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, and in the cases so construing them, and in any rules promulgated pursuant to or in implementation of them.   "Document" shall refer to any discoverable writing or recording, as defined in Rule 1001 of the Federal Rules of Evidence, or transcript of oral testimony in the possession of a party or a third party.

(2)    Any document or portion thereof submitted by any person during a Federal Trade Commission ("FTC") investigation by any person that is entitled to confidentiality under the Federal Trade Commission Act, the Hart-Scott-Rodino Antitrust Improvements Act of 1976, or any regulation, interpretation, or precedent concerning documents in the possession of the Commission, as well as any information taken from any portion of such document, shall be treated as confidential material for purposes of this Order.  The identity of a third party submitting such confidential material shall also be treated as confidential material for the purposes of this Order where the submitter has requested such confidential treatment.

(3)    The parties and any third parties, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate any document or portion thereof submitted in response to such discovery requests as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

2

(4)     The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein.

(5)     A designation of confidentiality shall constitute a representation to the Court, in good faith and after careful determination, that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes confidential material as defined in Paragraph (1) of this Order.

(6)     Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL--FTC Docket No. XXX" or any other appropriate notice, together with an indication of the portion or portions of the document considered to be confidential material. Confidential information contained in electronic documents may also be designated as confidential by placing the designation "CONFIDENTIAL--FTC Docket No. XXXX" or any other appropriate notice, on the face of the CD or DVD or other medium on which the document is produced. Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

(7)     Confidential material shall be disclosed only to: (a) appropriate judges and court personnel; (b) FTC counsel, their associated attorneys, FTC Commissioners, and other

3

employees or consultants of the FTC, (c) outside counsel of record for defendants ("outside counsel"), their associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant; (d) anyone retained to assist outside counsel in the preparation or trial of this action (including consultants), provided they are not affiliated in any way with a defendant and have signed an agreement to abide by the terms of the protective order; and (e) any witness or deponent who may have authored or received the information in question.

(8)     Disclosure of confidential material to any person described in Paragraph (7) of this Order shall be only for the purposes of the preparation, hearing, and any appeal of this proceeding and any administrative proceeding arising from this transaction, and for no other purpose whatsoever, provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose confidential material as provided by its Rules of Practice, sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

(9)     In the event that any confidential material is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers (including confidential material from both parties and third parties) shall remain under seal until further order of this Court;

provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to Paragraphs (7) or (8). Upon or after filing any paper containing confidential material, the filing party shall file on the public record a duplicate copy of the paper that does not reveal confidential material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

(10)    If counsel for a defendant or any other party plans to introduce into evidence any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment. If such party wishes *in camera* treatment for the document or transcript, the party shall file an appropriate motion with the court within five days after it receives such notice. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

(11)    If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of confidential material submitted by another party or third party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least 10 business days before production, and shall include a copy of this Order and a cover letter that will apprise

5

the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any order requiring production of confidential material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of confidential material.

(12)     At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this proceeding or any related administrative proceedings, including the exhaustion of judicial review, the parties shall return documents obtained in this action to their submitters, provided, however, that the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 CFR 4.12.

SO ORDERED:

_Rosemary M. Collyer_

UNITED STATES DISTRICT JUDGE
Dated: Washington, D.C.
9 July, 2013

6

## ATTORNEYS ENTITLED TO NOTICE

(1)    Edward Hassi
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2470

Counsel for Plaintiff Federal Trade Commission,

and,

(2)    Dale Collins, Esq.,
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY, 10022
(212) 848-2147

Counsel for Defendant Ardagh

(3)    Christine A. Varney, Esq.,
Cravath, Swaine & Moore LLP
825 Eighth Avenue, Worldwide Plaza
New York, NY, 10019
(212) 474-1140

Counsel for Defendant Compagnie de Saint-Gobain, and
Saint-Gobain Containers, Inc.