UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ARDAGH GROUP S.A., et al.,

Defendants.

Civil Action No. 1:13-cv-01021

Hon. Rosemary M. Collyer

**Stipulated Side Agreement to Protective Order**

The parties, by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

This Stipulation serves to memorialize the agreement (the "Stipulated Side Agreement") between the Federal Trade Commission ("FTC"), Ardagh S.A. ("Ardagh"), and Compagnie de Saint-Gobain and Saint-Gobain Containers, Inc. (together "Saint-Gobain"), on the one hand (each a "Receiving Party", collectively the "Receiving Parties"), and Anheuser-Busch Companies, LLC and its parent, subsidiary, and affiliate companies, on the other hand ("AB" or the "Producing Party"), as to the treatment by the Receiving Parties of any and all Confidential Material (as defined in the Protective Order dated July 9, 2013 entered by the District Court in *Federal Trade Commission v. Ardagh Group S.A., et al.* No 13-1021 (D.D.C.) (the "Protective Order" and the "Action", respectively)) produced by AB, whether such information was produced to the Federal Trade Commission (the "Commission") during its investigation (the "Investigation") of the acquisition of Saint-Gobain Containers, Inc. by Ardagh, in the Action, or in any related proceeding, including Docket No. 9356 currently pending before the Commission. For the removal of doubt, this agreement is intended to provide AB with additional protections above and beyond the protections afforded to them in the Protective Order, and in no case shall be construed to derogate from the protections afforded to AB under the Protective Order.

1. Confidential Material from a Producing Party shall not be copied or reproduced by a Receiving Party for use in this Action except to the extent such copying or reproduction is reasonably necessary to the conduct of this Action, and all such copies or reproductions shall be subject to the terms of the Protective Order and this Stipulation.

2. Confidential Material from a Producing Party produced to outside counsel of record for Receiving Parties must be used, stored, and maintained in such a way to ensure its continued protected status and avoid any advertent or inadvertent disclosure to any attorney or employee of the law firm that is not involved in this Action. Such protections shall include at least one of the following: password controlled storage of the Confidential Material; restricted access, compartmentalized, server storage of the

Confidential Material; or designation of a controlled data room where all Confidential Material is stored on servers to which individuals not assigned to this Action do not have access.

3. Confidential Material from AB shall not be disclosed to any person described as an expert or consultant under the Protective Order until such person has executed a declaration in the form attached as Exhibit A to this Stipulation. Counsel for the relevant Receiving Party shall maintain a file of all such declarations for the duration of the Action and any related proceeding. All experts or consultants who receive Confidential Material of a Producing Party in this Action shall be required to use, store, and maintain Confidential Material in the same manner as provided for outside counsel in Section 2 of this Stipulation.

4. If a Receiving Party intends to disclose AB's Confidential Material to any expert or consultant who, beyond that person's employment as an expert in this Action, is an officer, director, or employee of any company the primary business of which is in the beverage container industry, or who regularly consults regarding competitive decision making with any company the primary business of which is in the beverage container industry, or who may otherwise have a financial or pecuniary interest, beyond that of a passive, minority investment in any company the primary business of which is in the beverage container industry (an "Industry Expert"), the Receiving Party shall notify AB of its intent to disclose such Confidential Material in advance of such disclosure. (For avoidance of doubt, the term "beverage container industry" as used herein includes manufacturers and purchasers of beverage containers, including companies in the beer industry.) The notice shall identify the specific Industry Expert to whom the Confidential Material is to be disclosed, and shall include the full name, professional address and/or affiliation, and current curriculum vitae of the proposed Industry Expert, and identify all other present and prior employers and/or firms in the beverage container industry for, or on behalf of which, the Industry Expert or consultant has been employed or consulting for in the preceding four years. A Producing Party notified of the identity of any Industry Expert of a Receiving Party shall not disclose the identity of any Industry Expert to any third parties or for any purpose other than making an objection pursuant to this Section 4. To prevent the disclosure of Confidential Material to such an expert or consultant, the Producing Party must, within 72 hours of receiving notice, file a motion with the Court that includes a written statement of the reasons for the objection to disclosure. If the Producing Party files such a motion, then the Disclosing Party shall not disclose the Confidential Material, absent a written agreement with the Producing Party or order from the Court permitting the disclosure. If the Producing Party does not file such a motion within 72 hours of receiving notice, then the Disclosing Party may disclose the Confidential Material to the identified expert or consultant without providing further notice. Counsel for the relevant Receiving Party shall forward the declaration signed pursuant to Paragraph 3 of this Stipulation to the Producing Party that produced Confidential Material that was disclosed to an Industry Expert.

5. If a Receiving Party intends to disclose AB's Confidential Material to any person other than those referred to in Sections 3-4 of this Stipulation or those persons enumerated in Paragraph 7 of the Protective Order, the Receiving Party shall inform AB of its desire to

disclose such material. The notice shall identify those materials sought to be disclosed with specificity (*i.e.*, by document control numbers, Bates-numbers, or other means sufficient to easily locate the materials), and the specific person (by name and business affiliation) to whom the material is to be disclosed. The Producing Party may object to the disclosure of its Confidential Material within 72 hours of receiving notice of an intent to disclose the Confidential Material to the person by providing the Receiving Party with a written statement of the reasons for the objection. If the Producing Party objects within 72 hours days of receiving notice, the Receiving Party shall not disclose the Confidential Material absent a written agreement with the Producing Party or an order of the Court permitting the disclosure. If the Producing Party does not object to the disclosure of the Confidential Material to the person within 72 hours days of receiving notice, the Receiving Party may disclose the Confidential Material to the identified person.

6. Counsel for a Receiving Party who plans to use in a deposition any document, transcript, or testimony containing Confidential Material of a Producing Party, shall ensure that any transcript or video record of the deposition shall be designated as Confidential. Further, the Receiving Party using such Confidential Material shall take all necessary steps to ensure that individuals who are not permitted to view or access the material are excluded from the deposition room while Confidential Material is being discussed.

7. In addition to the protections afforded in Paragraph 10 of the Protective Order, Counsel for Receiving Party shall provide advance notice to the relevant Producing Party of any intent to use or introduce in open court any document, transcript or testimony containing or relating to Confidential Material for the purpose of allowing that party to seek an order that the document, transcript or testimony be granted *in camera* treatment. *In camera* treatment may include methods such as ordering the courtroom cleared or ordering appropriate individuals be excluded from the room.

8. The provisions of this Stipulation and the incorporated obligations of the Protective Order, insofar as both this Stipulation and the Protective Order restrict the communication and use of Confidential Material, shall, absent written permission of the relevant Producing Party or further order of the Court hearing this matter, continue to be binding after the conclusion of this matter.

9. Nothing in this Stipulation shall create a presumption or alter the burden of persuading the Court of the proprietary or confidential status of a requested disclosure or change in designation.

Agreed and accepted this 14th day of August, 2013,

FEDERAL TRADE COMMISSION

by

/s/ *Steven Wilensky*

Steven Wilensky
Staff Attorney
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-2470
Facsimile: (202) 326-2884
Email: swilensky@ftc.gov
*Counsel for Plaintiff*

ARDAGH GROUP S.A.

By

/s/ *Richard F. Schwed*

Richard F. Schwed (*pro hac vice*)
Alan S. Goudiss (*pro hac vice*)
Heather L. Kafele (D.C. Bar No. 473584)
599 Lexington Avenue
New York, New York 10022
Tel: (212) 848-4000
Email: rschwed@shearman.com
*Counsel for Defendant Ardagh Group S.A.*

COMPAGNIE DE SAINT-GOBAIN AND SAINT-GOBAIN CONTAINERS, INC.

By

/s/ *Yonatan Even*

Christine A. Varney (D.C. Bar No. 411564)
Richard J. Stark (D.C. Bar No. M10010)
Yonatan Even (*pro hac vice*)
825 Eighth Avenue
New York, New York 10019
Tel: (212) 374-1000
Email: yeven@cravath.com
*Counsel for Defendants Compagnie De Saint-Gobain and Saint-Gobain Containers, Inc.*

ANHEUSER-BUSCH COMPANIES LLC

By

/s/ *Steven C. Sunshine*

Steven C. Sunshine (D.C. Bar No. 450078)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000
Email: steven.sunshine@skadden.com
*Counsel for Nonparty Anheuser-Busch Companies LLC*

SO ORDERED:

______________________________

Rosemary M. Collyer
United States District Judge
Dated: Washington, D.C.

____________________, 2013

**EXHIBIT A TO THE STIPULATED SIDE AGREEMENT**

**Declaration Concerning the Protective Order**

I, _________________, hereby declare and certify the following to be true:

1. [Statement of employment]

2. I have read the Protective Order issued by Judge Collyer on July 9, 2013, in the Action and the Stipulated Side Agreement dated August __, 2013. I understand the restrictions on my access to and use of any Confidential Material, as defined and used in the Protective Order, in this Action and I agree to abide by the Protective Order and the Stipulated Side Agreement.

3. I understand that the restrictions on my use of such Confidential Material include:

   a. that I will use Confidential Material only for the purposes of this Action (or administrative proceedings related to the Action);

   b. that I will not disclose such Confidential Material to anyone, except as permitted by the Protective Order and the Stipulated Side Agreement;

   c. that I will use, store, and maintain the Confidential Material of a Producing Party in a manner consistent with the Stipulated Side Agreement and in such a way as to ensure its continued protected status and avoid any advertent or inadvertent disclosure to anyone not authorized by the Protective Order or the Stipulated Side Agreement; and

   d. that upon the conclusion of my involvement in the Action or administrative proceeding related to the Action, I will promptly destroy or return all Confidential Material of a Producing Party, and all notes, memoranda, compilations, work papers, spreadsheets, charts or other papers containing Confidential Material of a Producing Party or information extracted therefrom, to defendants' or plaintiff's counsel, as appropriate.

4. I am aware that, pursuant to section 3.42(h) of the FTC Rules of Practice, 16 C.F.R. § 3.42(h), my failure to comply with the terms of the Protective Order may constitute contempt of the Commission and may subject me to sanctions imposed by the Commission.

5. I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of the Protective Order and the Stipulated Side Agreement, even if such enforcement proceedings occur after termination of this Action.

6. I understand and acknowledge that failure to so comply with the Protective Order and the Stipulated Side Agreement could expose me to sanctions and punishment in the nature of contempt of court and additional liability to the Producing Parties under applicable law.

______________________________ Date:____________________

Full Name Printed

______________________________

Signature